# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GOT PRODUCTIONS LLC, NATURAL
RX, INC., and TREVOR REED,

      Plaintiffs,

v.                                                                                     No. CIV 18-0893 RB/LF

ZEPTO LLC and CHAZ MCGOWAN,

      Defendants.

## MEMORANDUM OPINION AND ORDER

In January 2018, the parties to this lawsuit entered into a contract in which Defendants Zepto, LLC (Zepto) and Mr. Chaz McGowan agreed to secure the services of Eminem, a music artist, for a large-scale music event that Plaintiffs were planning to hold in April 2018 in Albuquerque, New Mexico. According to the Complaint, Plaintiffs paid Defendants a $35,000 binder fee as a deposit to secure Eminem's services. Defendants failed to secure an agreement from Eminem, and they refused to return the binder fee. Due to this and other alleged breaches of the contract, Plaintiffs filed suit against Defendants in New Mexico state court. Defendants, through their former counsel, removed the diversity action to this Court in September 2018. In March 2019, the parties notified the Court that they reached a resolution, and the Court ordered the parties to file closing documents. Shortly thereafter, Defendants' attorney moved to withdraw from representation due to a breakdown in communication with her clients. Defendants have since failed to respond to all of Plaintiffs' motions and the Court's orders. Plaintiffs now move to enforce the settlement agreement. For the reasons herein, the Court **grants** the motion.

**I.      Background**[1]

On April 3, 2019, the parties executed a Settlement Agreement that resolved all of Plaintiffs' claims in this lawsuit. (Doc. 38 ¶ 1 (citing Doc. 35-A).) "The Settlement Agreement required [D]efendants to pay $12,000 in one initial payment, and beginning May 1, 2019, an additional $36,000 over three years according to terms set forth in a Note attached to and incorporated into the [S]ettlement [A]greement." (*Id.* (citing Doc. 35-A at 1, 3).) Plaintiffs agreed to dismiss all of their claims after they received the initial $12,000 payment. (*Id.* (citing Doc. 35-A at 1).) The Settlement Agreement "ask[ed] the Court to maintain continuing jurisdiction to enforce the terms of the Agreement and Note . . . ." (Doc. 35-A at 1.)

On April 24, 2019, Defendants' then-counsel, Ms. Elizabeth Radosevich, filed a motion to extend time to file closing documents. (Doc. 33.) The motion stated that "[t]he parties have reached a binding settlement agreement and have executed all settlement documents[,]" but Defendants needed an extension through May 1, 2019, to complete the first two agreed payments and through May 6, 2019, to file closing documents. (*Id.* at 1.) On May 6, 2019, counsel for Plaintiffs emailed Ms. Radosevich and stated that Defendants were "in default on payments required by the Settlement Agreement . . . ." (Doc. 35-B at 1.) Plaintiffs' counsel made "demand for immediate payment of $13,144.79, an amount equal to the initial $12,000 and the first monthly payment on the [N]ote due May 1." (*Id.* at 2.) The email further provided that if Defendants did not cure the default within 30 days, Plaintiffs would proceed with all remedies available to them, including filing a Stipulated Entry of Judgment and a demand for attorney's fees and costs, which were provided for in the Settlement Agreement. (*Id.*; *see also* Doc. 35-A at 1, 3, 5.)

---

[1] The Court recites the facts as presented in Plaintiffs' Motion to Enforce Settlement Agreement. (*See* Doc. 38.) As Defendants have failed to respond to Plaintiffs' motion, the Court finds the facts therein are undisputed.

2

The Settlement Agreement provides that the parties would "execute a Stipulation For Entry of Judgment in the amount of $36,000" that would be available for entry "in the event of a payment default that is not cured within 30 days." (Doc. 35-A at 1, 5.) The Stipulated Entry of Judgment states:

> Plaintiffs Got Productions, LLC, Natural Rx, Inc., and Trevor Reed and Defendants Zepto, LLC and Chaz McGowan, hereby stipulate to the entry of judgment for Defendants' default on the Note agreed upon between the parties in settlement of this action. Defendants shall pay Plaintiffs the amount of $36,000 and reasonable attorney's fees and expenses incurred by Plaintiffs in exercising their rights and remedies on default against Defendant Zepto, LLC, less the amounts paid on the Note . . . .

(*Id.* at 5.) Under the terms of the Note, if Defendants failed "to pay any part of the principle [sic] or interest due within 30 days of when due under this Note, [Plaintiffs] shall have the right to declare the Note immediately due and payable." (*Id.* at 4.) On that occasion, the administrator of the Note "shall release the attached Stipulation for Entry of Judgment[,]" and Defendants must "pay, in addition to the principle [sic] and interest hereunder, reasonable attorney's fees and expenses incurred by [Plaintiffs] in exercising [their] rights and remedies on default." (*Id.*)

On June 27, 2019, Ms. Radosevich moved to withdraw as Defendants' counsel. (Doc. 40.) She asserted that Defendants had failed to respond to any of her communications since April 24, 2019, including her notice that Plaintiffs had moved to enforce the Settlement Agreement. (*Id.* at 1.) Ms. Radosevich included notice in her motion of Local Rule 83.8(c), which provides that a company such as Zepto[2] "can only appear with an attorney. Absent entry of appearance by a new attorney, any filings made by the corporation, partnership or business entity . . . may be stricken and default judgment or other sanctions imposed." (*Id.* at 2 (quoting D.N.M. LR-Civ. 83.8(c)).)

---

[2] There is no question that Rules 83.7 and 83.8(c) apply to limited liability companies such as Zepto. *See Two Old Hippies, LLC v. Catch the Bus, LLC*, 784 F. Supp. 2d 1221, 1223 (D.N.M. 2011) (finding that "Local rule 83.8(c) applies to limited liability companies") (citations omitted).

United States Magistrate Judge Laura Fashing granted the motion to withdraw and ordered Zepto to have an attorney enter its appearance in this matter by July 30, 2019. (Doc. 41 at 2.) Judge Fashing stated that "[a]bsent entry of appearance by a new attorney, any filings made by Zepto, LLC shall be stricken, and the Court may impose other sanctions as appropriate." (*Id.*) Additionally, Judge Fashing ordered Mr. McGowan to respond to the Motion to Enforce Settlement Agreement no later than July 30, 2019. (*Id.*) Neither Defendant has complied with the Court's order.

Plaintiffs have now filed the Stipulated Entry of Judgment and ask the Court to enforce the parties' Settlement Agreement. (Docs. 38 at 3; 38-1.) Defendants have failed to respond.

**II.     The Court will enforce the Settlement Agreement.**

This Court has authority to enforce settlement agreements reached by litigants in pending litigation. *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). Settlement agreements are contracts and issues regarding their "formation and construction . . . are resolved by applying state contract law." *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004) (citation omitted). "New Mexico public policy encourages the enforcement of settlement agreements." *Stoller v. Roossein*, No. CV-04-0311 JH/RLP, 2006 WL 8444543, at *2 (D.N.M. Jan. 25, 2006) (citing *Bd. of Educ. for the Carlsbad Mun. Sch. v. N.M. State Dep't of Pub. Educ.*, 993 P.2d 112, 115 (N.M. 1999)).

The Tenth Circuit typically only requires an evidentiary hearing "where material facts concerning the existence or terms of an agreement to settle are in dispute . . . ." *Hardage*, 982 F.2d at 1496 (citations omitted). Here, Defendants' former counsel acknowledged that "[t]he parties . . . reached a binding settlement agreement and . . . executed all settlement documents." (Doc. 33 at 1.) Defendants do not dispute the relevant facts or argue that the Settlement Agreement

is not a binding contract. *See* D.N.M. LR-Civ. 7.1(b).

The Court finds that the parties entered into a binding contract of settlement. *See Stoller*, 2006 WL 8444543, at *2 (discussing the elements of a binding contract). The parties agreed on the obligations of each—the amount and timing of Defendants' required payments, Plaintiffs' corresponding obligation to dismiss the lawsuit, and Plaintiffs' right to enforce the Settlement Agreement 30 days after default of any payment. (*See* Doc. 35-A.) On default, Plaintiffs have the right to enter the Stipulated Entry of Judgment and demand payment in full, as well as the right to request their reasonable attorney's fees and expenses incurred in exercising their rights and remedies. (*Id.* at 3.)

After Defendants sought and received several extensions (Docs. 29–34), received notice from Plaintiffs' counsel (Doc. 40) and direction from the Court (Doc. 41), they have not responded to Plaintiffs' Motion to Enforce Settlement Agreement or complied with Court orders. And despite notice in both the motion to withdraw and the order granting that motion (Docs. 40; 41), Zepto has not secured an attorney as required by the Court's local rules. *See* D.N.M. LR-Civ. 83.7 ("A corporation, partnership, or business entity other than a natural person must be represented by an attorney authorized to practice before this Court."). Defendants had notice that Zepto's failure to secure an attorney may result in "default judgment or other sanctions" as appropriate. (Docs. 40 at 2 (quoting D.N.M. LR-Civ. 83.8(c)); 41 at 2.) Zepto has had more than enough time to secure counsel but has failed to comply with the Court's order and with the Local Rules.

After carefully considering the possible sanctions, the Court finds that the appropriate remedy here is to grant Plaintiffs' motion to enforce the terms of the parties' Settlement Agreement. Plaintiffs are directed to submit an affidavit itemizing their reasonable attorney's fees and expenses incurred in exercising their rights and remedies on default, together with the total

amount to be awarded to Plaintiffs according to the parties' Settlement Agreement, to be entered with the Stipulated Entry of Judgment, no later than **February 14, 2020**.

**THEREFORE**,

**IT IS ORDERED** that the Court finds Defendants are in default of the parties' Settlement Agreement, and Plaintiffs' Motion to Enforce Settlement Agreement (Doc. 38) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Court will issue the Stipulated Entry of Judgment as provided in the parties' Settlement Agreement. Plaintiffs are directed to submit an affidavit as described above no later than **February 14, 2020**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE