IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GOT PRODUCTIONS LLC, NATURAL
RX, INC., and TREVOR REED,

   Plaintiffs,

v.                 No. CIV 18-0893 RB/LF

ZEPTO LLC and CHAZ MCGOWAN,

   Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Affidavit of Justin Miller (Doc. 46), which Plaintiffs filed at the direction of the Court's January 30, 2020 Memorandum Opinion and Order (Doc. 45). In that Order, the Court granted Plaintiffs' unopposed Motion to Enforce Settlement Agreement and directed Plaintiffs to file an "affidavit itemizing their reasonable attorney's fees and expenses incurred in exercising their rights and remedies on default" pursuant to the parties' Settlement Agreement. (*Id.* at 5–6.) Plaintiffs have complied with the Court's Order. (Doc. 46.) Defendants have had sufficient time to respond with objections, but have not. Accordingly, the Court will order Defendants to pay a total of $5,349.22 in attorneys' fees and will enter the parties' Stipulated Entry of Judgment pursuant to their Settlement Agreement.

**I.  The Court will grant Plaintiffs' request for attorneys' fees and costs.**

"To determine a reasonable attorneys['] fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (quoting *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995)). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the

appropriate hours expended and hourly rates." *Id.* (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986)). "The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Jane L.*, 61 F.3d at 1510 (internal quotation marks and citation omitted). And "[h]ourly rates must reflect the prevailing market rates in the relevant community." *Id.* (internal quotation marks and citation omitted). "Finally, certain factors may cause the court to adjust a fee upward or downward, 'including the important factor of the results obtained.'" *Tenorio v. San Miguel Cty. Det. Ctr.*, No. 1:15-CV-00349-LF-JHR, 2019 WL 2617998, at *2 (D.N.M. June 26, 2019) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal quotation marks omitted)).

A. **Reasonable Hours**

Mr. Miller, a partner at Bardacke Allison LLP, the firm representing Plaintiffs in this lawsuit, attested that three attorneys (Mr. Miller, Mr. Benjamin Allison, and Mr. Victor Grafe) and two paralegals worked on this matter from April 10, 2019, when Mr. Miller first emailed opposing counsel about the status of payment, through February 10, 2020. (*Id.* ¶ 14; *see also* Doc. 46-1.) The attorneys spent a total of 17.8 hours communicating with opposing counsel about the status of the settlement and payment, conferencing about next steps after it was clear that Defendants did not intend to adhere to the parties' agreement, and moving to enforce the settlement agreement. (Doc. 46-1.) Of those hours, Mr. Martin and Mr. Grafe spent approximately 5.15 hours drafting the motion itself. (*Id.* at 2.) With the 2.8 hours the paralegals spent on various tasks, the firm spent 20.6 total hours on this matter. (*See id.* at 3.) The breakdown in hours is as follows: Mr. Allison (0.75 hours); Mr. Grafe (2.75 hours); Mr. Miller (14.3 hours); and paralegals (2.8 hours). (*Id.* at 3.)

To determine whether the number of hours expended is reasonable, the Court must consider

whether the "hours were 'necessary' under the circumstances." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). Factors the Court may consider include:

> (1) whether the tasks being billed "would normally be billed to a paying client," (2) the number of hours spent on each task, (3) "the complexity of the case," (4) "the number of reasonable strategies pursued," (5) "the responses necessitated by the maneuvering of the other side," and (6) "potential duplication of services" by multiple lawyers.

*Id.* (quoting *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *overruled on other grounds*, *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)). Here, Plaintiffs' counsel was forced to engage in more communication and strategizing than would ordinarily be necessary due to Defendants' failure to respond or adhere to the parties' agreement. Mr. Miller states that the records do not include "any time entries that would not have been billed to [the firm's] clients in the regular course of business or that were not directed toward the enforcement of plaintiffs' rights under the Settlement Agreement." (Doc. 46 ¶ 21.) There is no unnecessary duplication. The Court finds that 20.6 hours is reasonable under the circumstances.

### B. Reasonable Hourly Rates

Plaintiffs' counsel request hourly rates as follows: $425/hour for Mr. Allison, a founding partner at Bardacke Allison LLP who has been handling commercial litigation claims for more than 20 years; $310/hour for Mr. Miller, also a partner who has been practicing law for 15 years with a focus on commercial litigation for the past 5 years; $175/hour for Mr. Grafe, a second-year associate, and $115/hour for Ms. Kelly Ryan and Ms. Ann-erika White Bird, paralegals. (Doc. 46 ¶¶ 2–3, 5, 7, 9–11, 14.) Mr. Miller attests that "[a]ll Bardacke Allison LLP clients pay these hourly rates for litigation and transactional work in New Mexico, and some clients pay higher rates. Only a few public entity clients" have paid lower, discounted rates. (*Id.* ¶ 15.)

"To determine what constitutes a reasonable rate, the district court considers the prevailing

market rate in the relevant community." *New Mexico v. Valley Meat Co., LLC*, No. CIV-14-1100 JB/KBM, 2015 WL 9703255, at *23 (D.N.M. Dec. 14, 2015) (quoting *Lippoldt v. Cole*, 468 F.3d 1204, 1224–25 (10th Cir. 2006)). "Plaintiffs must provide evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." *Lippoldt*, 468 F.3d at 1224–25 (internal quotation marks and citations omitted). Evidence "is typically established through the affidavits of local attorneys who practice in the same field as the attorneys seeking the fees." *Mosaic Potash Carlsbad, Inc. v. Lintrepid Potash, Inc.*, No. 16-CV-0808 KG/SMV, 2018 WL 2994412, at *3 (D.N.M. June 14, 2018). Here, Mr. Miller did not include any information about the prevailing market rate in the community. (*See* Doc. 46.) Thus, the Court will rely on its own research and knowledge to set appropriate hourly rates. *See Mosaic Potash*, 2018 WL 2994412, at *3 (noting that a court "may use other factors, including its own knowledge, to establish the rate" if the attorneys fail to submit adequate evidence).

In 2017, United States District Judge James O. Browning awarded $375/hour to an attorney in a relatively complex lawsuit that "was likely headed toward a class action . . . ." *Fallen v. Grep Sw., LLC*, 247 F. Supp. 3d 1165, 1198 (D.N.M. 2017) (citation omitted). Judge Browning noted that the "rate approaches the upper end of what the local market would currently bear for the hourly rate of a very experienced partner engaged in complex, multi-party commercial litigation." *Id.* (gathering cases). In 2016, Judge Browning awarded $350/hour to lead trial counsel, $300/hour to a partner, and $175 to an associate in a putative class action brought under the New Mexico Minimum Wage Act. *Payne v. Tri-State Careflight, LLC*, No. CIV 14-1044 JB/KBM, 2016 WL 5376321, at *13 (D.N.M. Aug. 17, 2016). In 2016, Judge Browning found that $350/hour was a reasonable rate "for a very experienced partner" doing "high end commercial work." *XTO Energy,*

4

*Inc. v. ATD, LLC*, No. CIV 14-1021 JB/SCY, 2016 WL 5376322, at *13 (D.N.M. Aug. 22, 2016). And in 2018, United States Magistrate Judge Karen B. Molzen, in a lawsuit brought in part under the Fair Credit Reporting Act, found that an attorney who had been practicing for 19 years was entitled to a rate of $250/hour, and an attorney who had been practicing for 13 years was entitled to a rate of $200/hour. *Schueller v. Wells Fargo & Co.*, No. CIV 16-0107 MV/KBM, 2018 WL 2943245, at *3, *5 (D.N.M. June 12, 2018). Judge Molzen noted that the lawsuit was neither high-end nor complex. *Id.* at *5.

With respect to the prevailing rate for paralegals, the Court notes that Judge Browning found that a rate of $70/hour to $125/hour (depending on the paralegal's experience) was appropriate in *Fallen*, a class action lawsuit. 247 F. Supp. 3d at 1198–99; *see also Fallen v. GREP Sw., LLC*, 15cv0146, Doc. 104 at 8 (Mot. for Attorneys' Fees) (D.N.M. Mar. 16, 2016). This rate is not radically different from the $75/hour Judge Browning awarded paralegals in 2012. *See Copar Pumice Co. v. Morris*, No. Civ. 07-0079 JB/ACT, 2012 WL 2383667, at *21 (D.N.M. June 13, 2012). Judge Molzen awarded a rate of $80/hour to paralegals in *Schueller*. 2018 WL 2943245, at *6.

Mr. Miller has not asserted that the lawsuit or the motion to enforce the settlement agreement was high-end, complex, "or filled with unique legal issues." *See id.* at *5. (*See also* Doc. 46.) Consequently, the Court finds that the following rates should be awarded:

- Mr. Allison: $375/hour x .75 hours = $281.25
- Mr. Miller: $275/hour x 14.3 hours = $3,932.50
- Mr. Grafe: $175/hour x 2.75 hours = $481.25
- Paralegals: $85/hour x 2.8 hours = $238

The total attorney fee award is $4,933.00. The Court will also award the New Mexico gross receipts tax at 8.4375% ($416.22), for a total award of $5,349.22.

**THEREFORE,**

**IT IS ORDERED** that in accordance with the Court's January 30, 2020 Memorandum Opinion and Order granting Plaintiffs' Motion to Enforce Settlement Agreement, the Court orders Defendants to pay $5,349.22 in reasonable attorneys' fees pursuant to the parties' Settlement Agreement. The Court will enter the parties' Stipulated Judgment concurrently herewith.

ROBERT C. BRACK<br>
SENIOR U.S. DISTRICT JUDGE